UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-Civ-21855-COOKE

FRANKLIN R. LACY,

    Plaintiff,

vs.

BP, PLC; TRANSOCEAN LTD; APPLIED
DRILLING TECHNOLOGY, INC.;
CHALLENGER MINERALS, INC.,
HALLIBURTON COMPANY; CARL-HENRIC
SVANBERG; BOB DUDLEY; BP
AMERICA, INC.; BP PRODUCTS
NORTH AMERICA, INC.; BP
EXPLORATION & PRODUCTION INC.; BP
OIL INTERNATIONAL LTD;
HALLIBURTON ENERGY SERVICES,
INC.; BP CORPORATION NORTH
AMERICA, INC.; BP COMPANY NORTH
AMERICA, INC.; BP AMERICA
PRODUCTION COMPANY; and, BP
HOLDINGS NORTH AMERICA, LTD.,

    Defendants.

_____/

### ORDER OF FACTUAL DETERMINATION AND RETURN OF RECORD TO THE ELEVENTH CIRCUIT COURT OF APPEALS

THIS MATTER is before me on a Order of Limited Remand from the United States Court of Appeals for the Eleventh Circuit (ECF No. 212). On September 20, 2016, the Eleventh Circuit remanded this case to me "for the limited purpose of making a factual determination as to whether diversity jurisdiction exists in this case, and to address any other jurisdictional matters that the district court determines to be necessary or appropriate to address." (*Id.* at 2).

1

For the reasons stated below, I find (1) that this Court had original jurisdiction over this matter under 28 U.S.C. § 1332, and (2) personal jurisdiction over Defendants Carl-Henric Svanberg and Bob Dudley (the "Individual Defendants") was lacking.

## PROCEDURAL HISTORY

The procedural history of this case is extensive, but I need not recount it in its entirety here. Plaintiff commenced this action on May 23, 2011 with the filing of his original Complaint (ECF No. 1). Her thereafter filed a Consolidated Amended Complaint ("Amended Complaint") on March 6, 2012. (ECF No. 67).

The Amended Complaint set forth in detail the alleged facts underling Plaintiff's claims. (*Id.*). It did not, however, set forth a specific basis for personal jurisdiction over the Individual Defendants. (*Id.*). Moreover, although it alleged diversity of citizenship as the basis for subject matter jurisdiction, it did not adequately allege the citizenship of the Defendants. *See MacGinnite v. Hobbs Grp., LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005) (citizenship of corporation); *Rolling Greens MHP, LP v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004) (citizenship of LLC).

Between March 2012 and December 2103, Defendants filed multiple Motions to Dismiss Plaintiff's Amended Complaint (ECF Nos. 68, 69, 82, 101, 163) in which they sought dismissal of Plaintiff's claims (1) for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), and (2) for lack of personal jurisdiction as to the Individual Defendants under Fed. R. Civ. P. 12(b)(2). Plaintiff responded in opposition to the Motions, (ECF Nos. 74, 79, 83, 105, 166), and Defendants replied. (ECF Nos. 76, 77).

On June 29, 2015, I issued an Omnibus Order Granting Defendants' Motions to Dismiss ("Dismissal Order"). (ECF No. 177). My analysis of Plaintiff's Amended

Complaint led me to conclude that it "fails to state claims that are plausible on their face against any Defendant." (*Id.* at 5). I did not address Defendants' arguments under Rule 12(b)(2).

Plaintiff filed a Notice of Appeal on July 13, 2015 (ECF No. 179), which the Eleventh Circuit dismissed for want of prosecution on September 4, 2015 because Plaintiff had not paid the filing fee. (ECF No. 187). The Eleventh Circuit reinstated the appeal on September 14, 2015 after Plaintiff paid the filing fee. (ECF No. 191).

On September 20, 2016, the Eleventh Circuit issued an Order of Limited Remand to this Court "for the limited purpose of making a factual determination as to whether diversity jurisdiction exists in this case, and to address any other jurisdictional matters that the district court determines to be necessary or appropriate to address." (ECF No. 212 at 2).

On September 21, 2016, I issued an Endorsed Order to Show Cause ("Endorsed Order") ordering Plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction. (ECF No. 213).

On September 28, 2016, Defendants filed a response ("Defendants' Response") to my Endorsed Order. (ECF No. 214). Although I had not requested a response to the Endorsed Order from Defendants, "in the interest of resolution of this litigation and to avoid wasting judicial resources and those of the parties, [Defendants] submit[ed] th[e] response and accompanying affidavits establishing that subject matter jurisdiction does exist." (*Id.* at 2). Additionally, they renewed their argument that I should dismiss the Individual Defendants for lack of personal jurisdiction under Rule 12(b)(2). (*Id.* at 7-11).

Plaintiff filed responses to my Endorsed Order on October 24, 2016 (ECF No. 222) and November 1, 2016 (ECF No. 224). In it, he concurred with Defendants that subject

matter jurisdiction exists. (*Id.* at 2-4). He disputes, however, that I should dismiss the individual Defendants for lack personal jurisdiction, arguing that they are "indispensible to [his] case" (*Id.* at 4) because "[t]hey have unique information pertinent to needed information of fraud in this case." (*Id.* at 6).

## FACTUAL FINDINGS

### I.     Subject Matter Jurisdiction

The record sufficiently establishes that subject matter jurisdiction exists. Plaintiff's Amended Complaint alleges jurisdiction based on diversity of citizenship under 29 U.S.C. § 1332. (ECF No. 67 at 1).

As an initial matter, Plaintiff seeks "$6 billion or whatever the jury deems fair . . . up to $40.9 billion," (Doc. 67 at 7), and thus the matter in controversy exceeds $75,000, as required for diversity jurisdiction under section 1332(a).

Diversity jurisdiction also requires complete diversity of citizenship, meaning that the plaintiff's citizenship must be different from that of each of the defendants' citizenships. *Peterson v. Ramirez*, 428 F. App'x 908, 909 (11th Cir. 2011) (citing *Legg v. Wyeth*, 428 F.3d 1317, 1320 n.2 (11th Cir. 2005)). "If even one defendant's citizenship is the same as the plaintiff's there can be no diversity jurisdiction." *Id.* If one of the defendants is an unincorporated company, which does not have inherent citizenship, the record must establish that the plaintiff's citizenship differs from that of each member of the limited liability company defendant. *Rolling Greens MHP, L.P.* at 1022. Additionally, a corporation is a citizen of both the state where it is incorporated and the state where it has its principal place of business." *MacGinnite v. Hobbs Grp., LLC*, 420 F.3d at 1239.

4

I find that Plaintiff is diverse from every Defendant. The record establishes that:

- Plaintiff is a citizen of Florida.

- BP p.l.c. is a corporation organized under the laws of England and Wales with its principal place of business in England.

- BP America Inc. is a corporation organized under the laws of Delaware with its principal place of business in Texas.

- BP America Production Company is a corporation organized under the laws of Delaware with its principal place of business has been in Texas.

- BP Company North America Inc. is a corporation organized under the laws of Delaware with its principal place of business in Texas.

- BP Corporation North America Inc. is a corporation organized under the laws of Indiana with its principal place of business in Texas.

- BP Exploration & Production Inc. is a corporation organized under the laws of Delaware with its principal place of business in Texas.

- BP Holdings North America Ltd. is a corporation organized under the laws of England and Wales with its principal place of business in England.

- BP Oil International Limited is a corporation organized under the laws of England and Wales with its principal place of business in England.

- BP Products North America Inc. is a corporation organized under the laws of Maryland with its principal place of business in Illinois.

- Transocean Ltd. is a Swiss company, incorporated in and headquartered in Zug, Switzerland. Transocean Ltd. has no agent authorized to receive service in Texas, or anywhere in the United States.

- Applied Drilling Technology, Inc. is incorporated in the State of Texas with its principal place of business in Texas.

- Halliburton Co. and Halliburton Energy Services, Inc. are incorporated in Delaware with their principal places of business in Texas.

- Challenger Minerals, Inc. is incorporated in California and has its principal place of business in Texas.

Because I find there is a lack of personal jurisdiction over the Individual Defendants, I do not address their citizenship here. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 575, 578 (1999) ("[T]here is no unyielding jurisdictional hierarchy" requiring the federal court to adjudicate subject matter jurisdiction before considering a challenge to personal jurisdiction.); *Ballew v. Roundpoint Mortg. Servicing Corp.*, 491 F. App'x 25, 26 (11th Cir. 2012) (court properly dismissed based on lack of personal jurisdiction before making a "more 'arduous'" inquiry into subject matter jurisdiction).

In light of the above, there is complete diversity among the parties as 28 U.S.C. § 1332 requires.

## II.     Personal Jurisdiction

Determining whether the Court can exercise personal jurisdiction over a nonresident defendant requires a two-part analysis. *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990). First, a Court must determine whether the Florida long-arm statute provides a basis for personal jurisdiction. Id. Second, a court must determine whether sufficient "minimum contacts" exist to satisfy the Due Process Clause of the Fourteenth Amendment. *Meier v. Sun Int'l Hotels Ltd.*, 288 F.3d 1264, 1274 (11th Cir. 2002); *Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 502 (Fla. 1989). Both requirements must be satisfied before a court may exercise personal jurisdiction over a nonresident. *Madara*, 916 F.2d at 1514.

The plaintiff must meet an initial burden of pleading a basis for long-arm jurisdiction. *See Venetian Salami*, 554 So. 2d at 502. Only if the plaintiff has done so must a defendant

6

challenge the plaintiff's jurisdictional allegations with supporting evidence, in which case the burden shifts back to the plaintiff to prove the basis by which jurisdiction may be obtained. *Id.*; *see also Seydelmann v. Altman*, 468 So. 2d 286, 288 (Fla. Ct. App. 1985).

Plaintiff failed to plead any basis for personal jurisdiction over the Individual Defendants, neither of whom Plaintiff contends to be a resident of Florida or otherwise subject to personal jurisdiction in Florida. I therefore find personal jurisdiction over the Individual Defendants to be lacking. *See Venetian Salami*, 554 So. 2d at 502.

## CONCLUSION

Accordingly, it **ORDERED and ADJUDGED that:**

1. Diversity jurisdiction under 28 U.S.C. § 1332 is **SATISFIED**;

2. This Court **DID NOT** have personal jurisdiction over Defendants Carl-Henric Svanberg and Bob Dudley; and

3. This case is **RETURNED** to the United States Court of Appeals for the Eleventh Circuit per its Order of Limited Remand (ECF No. 212).

**DONE and ORDERED** in chambers at Miami, Florida this 16th day of November 2016.

MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Counsel of Record*

*Franklin R. Lacy, pro se*
*1083 N. Collier Blvd., 402*
*Marco Island, FL 34145*